985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier VALENZUELA-PORTILLO, Defendant-Appellant.
 No. 90-30022.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1992.*
Decided Feb. 3, 1993.
 
 Before WALLACE, Chief Judge, and SKOPIL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Valenzuela-Portillo (Valenzuela) appeals the district court's denial of his motion to suppress six kilograms of cocaine and slightly less then one kilogram of heroin found in a suitcase carried by his co-defendant, Martin Portillo-Lopez (Portillo), after a search by an immigration agent at Seattle-Tacoma International Airport (Sea-Tac). Valenzuela's motion was denied on the grounds that he lacked standing to object to the search and both he and Portillo consented to the search.
 
 
 3
 Valenzuela argues that prior to the search of the suitcase he was unlawfully detained by Agent Cook. We disagree. Absent restraint on a suspect's freedom of action, a temporary investigatory stop does not rise to the level of a "seizure" of the person under the Fourth Amendment. United States v. Safirstein, 827 F.2d 1380, 1383 (9th Cir.1987). Officers may approach an individual in a public place and ask him questions if he is willing to answer. See Florida v. Royer, 460 U.S. 491, 497 (1983). Only when the agent curtails freedom of action, by way of physical force or a display of authority, has a seizure occurred. Safirstein, 827 F.2d at 1383.
 
 
 4
 The district court found, as a matter of fact, that Cook, in plain clothes, approached Valenzuela and Portillo in a public place, identified himself as an immigration officer, and, speaking in Spanish, asked if he could speak with them and asked for their place of birth. Both men answered, "Mexico." Cook asked Valenzuela and Portillo to step aside of pedestrian traffic and speak with him further. Both agreed and walked with Cook to a spot approximately 15 feet away. The district court rejected Valenzuela's testimony that he followed Cook to the second location because Cook threatened to shoot him if he refused. It was not clear error to reject this testimony.
 
 
 5
 Cook's actions in stopping and questioning Valenzuela did not amount to a seizure of his person. Rather, Valenzuela consented to the initial questioning. Once Valenzuela consensually told Cook that he was born in Mexico, Cook was entitled to ask Valenzuela to produce proof that he was lawfully in this country. See INS v. Delgado, 466 U.S. 210, 215-16 (1984); 8 U.S.C. § 1357(a)(1). He was also entitled to retain custody of Valenzuela's documentation for a reasonable period of time to determine its validity.[1] Finally, the physical movement of Valenzuela to a location 15 feet away did not render the encounter an investigative detention. See Safirstein, 827 F.2d at 1383.
 
 
 6
 As Valenzuela was not illegally detained by Cook, and Valenzuela abandoned any privacy interest in the drugs by disclaiming ownership of the suitcase, see United States v. Veatch, 674 F.2d 1217, 1220-21 (9th Cir.1981), the district court did not err in determining that Valenzuela lacked standing to object to the search of the suitcase.
 
 
 7
 Lastly, Valenzuela alternatively argues that any consent was not voluntarily given because an insufficient amount of time passed between the illegal seizure of both men and the consent to search; as such, the actions of the men constituted "mere submission to a claim of lawful authority," condemned in Royer. However, as discussed above, Valenzuela was not illegally detained. The district court rejected Valenzuela's testimony that he refused consent to search the suitcase and that, while he could not understand whether Portillo consented to the search of the suitcase in English, he heard Portillo refuse consent in Spanish. It was not clear error to reject this testimony. We affirm the district court's finding that Valenzuela's consent to the search of the suitcase was voluntary.
 
 CONCLUSION
 
 8
 The district court's denial of Valenzuela's motion to suppress is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Valenzuela criticizes Cook for failing to use INS' computer index system to determine the validity of both men's documentation prior to searching the suitcase. However, Cook testified that use of that system is a "long process" and that he was attempting to "make a quick, fair determination on [each man's] lawful status." (C.R. 59 at 32.)